## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **INTERSTATE AGREEMENT ON** |
| ) | **DETAINERS ORDER** |
| vs. ) | |
| ) | Case No.: 1:25-cr-00015 |
| Austin Lee Whitelightning, ) | |
| ) | |
| Defendant. ) | |

On February 20, 2025, defendant made his initial appearance and was arraigned in the above-entitled action. SAUSA Paul Jensen appeared on the Government's behalf. Attorney Jeffrey Christian Sowash was appointed to represent defendant in ths matter and appeared on defendant's behalf.

Prior to his initial appearance, defendant was incarcerated by the State of North Dakota at the North Dakota State Penitentiary ("NDSP") in Bismarck, North Dakota. After the Indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with the North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

At his initial appearance and arraignment, defendant was advised of his rights under the IADA to continued federal custody until the charges set forth in the Indictment are adjudicated. Defendant did not waive anti-shuttling provisions of the IADA at that time, opting instead to remain in federal custody.

On February 25, 2025, counsel for defendant filed a motion to withdraw, and on February 28, 2025, attorney Magdalena Brockel was appointed to represent defendant.

On March 12, 2025, the parties filed a "Interstate Agreement on Detainers Anti-Shuttling Waiver Stipulation" in which defendant advised the court of his desire to return to the NDSP. Based on defendant's waiver, the court finds that defendant has knowingly, voluntarily, and upon advice of counsel waived the anti-shuttling provisions of the IADA and agreed to return to the custody of the State of North Dakota (the "sending state" under the IADA) at the NDSP pending further proceedings in this case initiated by the United States (the "receiving state" under the IADA).

Accordingly, the court **ORDERS** that defendant be housed in the "sending state" under the IADA pending further proceedings or until further order of the court. Further, pursuant to defendant's waiver, the return of the defendant to the NDSP pending trial shall <u>not</u> be grounds under the IADA for dismissal of the charges set forth in the Indictment.

Dated this 13th day of March, 2025.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court