# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Austin Lee Whitelightning, ) | Case No. 1:25-cr-015 |
| ) | |
| Defendant. ) | |

Defendant made his initial appearance in this action on February 20, 2025. Prior to his initial appearance Defendant was incarcerated by the State of North Dakota at the North Dakota State Penitentiary ("NDSP"). After the Indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with the North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), Defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

On March 12, 2025, the parties filed a "Interstate Agreement on Detainers Anti-Shuttling Waiver Stipulation" in which Defendant waived the anti-shuttling provisions and agreed to the return to the custody of the State of North Dakota (the "sending state" under the IADA) at the NDSP pending further proceedings in this case initiated by the United States (the "receiving state" under the IADA). Finding that Defendant's waiver was made knowingly and intelligently, voluntarily, and upon advice of counsel, the court adopted the stipulation and ordered that Defendant be housed in the "sending state" under the IADA pending further proceedings or until further order of the court. (Doc. No. 37).

On November 13, 2025, Defendant filed notice of his withdrawal from the parties "Interstate Agreement on Detainers Anti-Shuttling Stipulation." (Doc. No. 57). Therein he expressed his desire

return to and remain in federal custody.

There being no objection from the United States, the court shall accept Defendant's withdrawal of his previous waiver of the IADA's ant-shuttling provisions. Defendant shall be returned and remanded to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2025.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court